UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIVERSIFIED METAL PRODUCTS, INCORPORATED, an Idaho corporation,<br><br>                Plaintiff,<br>v.<br><br>ODOM INDUSTRIES, INC., an Ohio corporation<br><br>                Defendant. | Case No. 1:12-cv-00162-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it Defendant's Motion to Dismiss Plaintiff's Complaint or Alternatively to Stay Litigation. Dkt. 7. In accordance with the first-to-file rule as applied in the Ninth Circuit, Defendant's motion will be GRANTED, and the suit is STAYED pending a decision on DMP's Motion to Dismiss in Ohio.

### BACKGROUND

This is a contract dispute concerning the fabrication, purchase, and post-purchase treatment of two semi-ellipsoidal heads for high-pressure vessels ("Heads"). Plaintiff DMP is an Idaho corporation engaged in mechanical contracting and fabrication. Defendant Odom is an Ohio corporation engaged in heavy steel fabrication.

According to the parties, Odom agreed to fabricate and deliver the Heads to DMP's facility in Idaho Falls for $208,376. Odom fabricated the Heads and had them

tested and inspected by TEAM, an Ohio corporation that provides inspection and testing services for high-temperature and high-pressure vessels. TEAM provided Odom with x-rays of the welds on the Heads, along with an assurance that the welds passed inspection. The Heads were delivered in January 2011.

After delivery, DMP installed the Heads onto the pressure vessel for which they were ordered, and transported the vessel to Pocatello for post-weld heat treatment by DMP's subcontractor Eaton Metal Products, LLC. Following this treatment, another of DMP's subcontractors, Quality Inspection Services, inspected the vessel and discovered defects in the Heads. Specifically, the inspection revealed cracks in the weld seams that required significant repairs.

DMP informed Odom of the defects around September 2011, and Odom either "agreed to consider paying for the repair costs to preserve the relationship with DMP" *Odom Reply* at 10, Dkt. 15, or "authorized DMP to repair the defects to be paid by Odom on a time and material basis." *DMP Resp.* at 7, Dkt. 10. The initial estimated cost of repairs was about $70,000, but the bill came to $370,000. *Odom Reply* at 10, Dkt. 15. DMP requested Odom's x-rays for review in October 2011. Odom requested them back, but DMP retained the x-rays while obtaining copies of them. As of this suit, they have not yet been returned. On February 29, 2012, DMP sent Odom documents detailing the costs of repair of the defects.

Odom responded to DMP's bill by filing suit in Ohio state court on March 16, 2012, for conversion, intentional misrepresentation, negligent misrepresentation, and

MEMORANDUM DECISION AND ORDER - 2

declaratory judgment on the contract, with alternative claims against TEAM. On March 26, DMP filed this action in Idaho state court for breach of contract and *quantum meruit* against Odom. Odom removed the Idaho lawsuit to this Court on March 30, 2012. Dkt. 1. Odom filed an amended complaint in the Ohio lawsuit on April 16, removing a non-diverse defendant. Defendants in the Ohio action, DMP and TEAM, removed the Ohio lawsuit to federal court on April 19, 2012. Also on April 19, Odom filed the motion to dismiss which is the subject of this Order. Dkt. 7. DMP filed a motion in the Ohio action on April 24 to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the Ohio lawsuit to Idaho.

## ANALYSIS

1. **First-to-File Rule**

    A. *Legal Standard*

    When two actions involving the same parties and issues are filed in federal courts of concurrent jurisdiction, the "first-to-file" rule applies, giving the second court discretion to "transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Medical Ct. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The first-to-file rule normally promotes efficiency and "should not be disregarded lightly." *Church of Scientology of Cal. V. U.S. Dep't. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). However, the rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). "The doctrine is

designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Scientology* 611 F.2d, at 750.

In applying the first-to-file rule, the Court considers (1) chronology of the actions, (2) similarity of the parties, and (3) similarity of the issues. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The Court also considers whether any of the exceptions to the first-to-file rule apply. These exceptions typically include (a) bad faith, (b) anticipatory suit, and (c) forum shopping. *Id.*, at 628.

### B.     *Application*

#### (1)     *Chronology*

Chronology is the first consideration when applying the first-to-file rule. It is undisputed by the parties that the Ohio suit was filed in state court on March 16, 2012, and this suit was filed on March 26, 2012. Thus, the Ohio suit was filed first.

However, DMP argues that since the Idaho suit was the first to be removed to federal district court, the Idaho suit should be considered the "first-filed suit." *DMP Resp.* at 8, Dkt. 10. It bases this argument on the statement by the Ninth Circuit that "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired *jurisdiction* should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter* 678 F.2d, at 95 (emphasis added). DMP also cites *Hemmerich Industries, Inc. v. Courtland Mfg. Co.*, 1988 WL 48574 (E.D. Pa. May 10, 1988), in which the district court found that the action first removed is considered the first action filed.

The Pennsylvania decision appears to be an anomaly in its interpretation of the first-to-file rule, and it breaks from how the rule has been applied by district courts in the Ninth Circuit. Although no Ninth Circuit case specifically addresses the issue, several district courts within the Ninth Circuit indicate that the date of the filing in state court should be used when applying the first-to-file rule. *See e.g., Torn Ranch, Inc. v. Sunrise Commodities, Inc.*, 2009 WL 2834787, 12-13 (N.D.Cal. Sept. 3, 2009); *Greenline Indus. V. Agri-Process Innovations, LLC*, 2008 WL 2951743, *9-10 (N.D.Cal. July 28, 2008); *Fakespace Labs v. Robinson*, 2000 WL 1721061, *4-5 (N.D.Cal. Nov. 6, 2000). Several courts in other jurisdictions reach the same conclusion. *See e.g., Medspring Group, Inc. v. Atl. Healthcare Group, Inc.*, 2006 WL 581018, 9-10 (D. Utah Mar. 6, 2006); *800-Flowers v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 131 (S.D.N.Y. 1994); *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F.Supp. 161, 166 (S.D.N.Y. 1992); *Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.*, 20 F.Supp.2d 948, 954 n. 10 (E.D. Virginia 1998); *Igloo Products Corp. v. The Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D. Tex. 1990); *Pollution Prevention Services, Inc. v. Inter Recycling*, 1996 WL 378990 (M.D. Fla. July 1, 1996). The Court agrees with this application of the rule.

In cases first filed in federal court, the date of filing and the date at which the district court obtains jurisdiction are the same. The Court finds that the Ninth Circuit did not intend for this statement to apply so narrowly to cases removed from state court. At least for the purposes of the first-to-file rule, and the Motion to Dismiss before the Court,

MEMORANDUM DECISION AND ORDER - 5

the filing date assumed by a removed case is the date the action was filed in state court. Thus, the Ohio action was filed first.

### (2) *Similarity of Parties*

Next, the Court considers the similarity of the parties. The parties in the two actions need not be identical for purposes of this analysis, but there must be similarity or substantial overlap. *See Walker v. Progressive Cas. Ins. Co.*, 2003 WL 21056704, *2 (W.D.Wash. 2003). Here, the main parties in both actions are DMP and Odom, but only the Ohio action includes TEAM as a party. However, TEAM does not destroy the similarity prong. Although the parties are not identical, they are similar, and there is substantial overlap. The claims against TEAM in the Ohio action are alternative and secondary to the central conflict between DMP and Odom which forms the majority of both suits. The addition of TEAM therefore does not defeat the similarity between the parties in the two actions.

### (3) *Similarity of Issues*

Finally, the Court considers the similarity between the issues in the two cases. In this regard, "it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree." *California Sec. Co-Op, Inc. v. Multimedia Cablevision, Inc.*, 897 F.Supp. 316, 317-18 (E.D.Tex. 1995) (citing *Superior Sav. Ass'n v. Bank of Dallas*, 705 F.Supp. 326, 329 (N.D.Tex. 1989). The issues are virtually identical. Both actions are based upon the same dispute over the same contract. Odom's claims for conversion and misrepresentation

involve a key piece of evidence with regard to the contract in dispute under DMP's complaint, and the declaratory judgment Odom seeks in Ohio is for the same contract. Odom's alternative claims against TEAM regard the contract as well. Accordingly, all three prongs of the first-to-file rule are met, and the Court will apply it unless one of the exceptions apply.

### (4)  *Exceptions*

"[T]he first-to-file rule is not a rigid or inflexible rule to be mechanically applied . . . rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). "Circumstances and modern judicial reality . . . may demand that we follow a different approach from time to time." *Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Thus, "[w]here the threshold factors of the first-to-file rule are met, a district court nonetheless has the discretion to dispense with the rule for reasons of equity." *Alltrade, Inc.*, 946 F.2d at 625-626. As noted above, the typical circumstances under which an exception to the first-to-file rule applies include bad faith, anticipatory suit, and forum shopping. *Id.* at 628; *see also Isle Capital Corp. v. Koch Carbon, Inc.*, 2006 WL 823186, *3 (N.D.Cal.2006).

Still, "[t]he most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Id.* at 628. District court judges can exercise their discretion and

dispense with the first-filed principle for reasons of equity. *Id*. A district court judge should weigh the facts and conclude whether the rule should apply. *Id*.

Here, DMP argues that the Court should not apply the first-to-file rule because Odom filed the Ohio lawsuit in bad faith. *DMP Reply* at 14, Dkt. 10. In support of its argument, DMP recounts the facts leading up to the Ohio suit. According to DMP, Odom agreed to compensate DMP for repair of the defective Heads. *Id.*, at 15. When DMP sent Odom a bill detailing the costs of the repairs, Odom's counsel sent an email promising Odom would respond later that week. *Id.* Instead, DMP received Odom's state court Complaint four days later. *Id.*

DMP argues that the email, "coupled with Odom secretly filing the Ohio Lawsuit before the promised response was due, demonstrates that [Odom]'s email was intended to induce DMP to abstain from taking any further action." *Id*. Such behavior, DMP concludes, constitutes both bad faith and forum shopping. *Id*., at 16. In support of this conclusion, DMP cites two district court cases, one in Pennsylvania and the other in Arizona. Both are distinguishable from this case.

In *Payne v. Kennedy Johnson Gallagher LLC*, 2010 WL 2079928, at *2 (D. Arizona 2010), the court refused to follow the first-to-file rule because the plaintiff in the first-filed action violated all three exceptions to the rule. Before any suit was filed, the defendant threatened to file suit unless the plaintiff provided a confession of judgment and a security interest. *Id*. The plaintiff immediately filed suit himself, violating the exception for anticipatory suit. *Id.* Then the plaintiff represented to the defendant that he

would provide the requested security interest only if there continued to be no litigation between the parties, when in fact there was a pending action at the time. *Id*. The district court held that this misrepresentation constituted both bad faith and forum shopping. *Id*.

Similarly, in *PhotoMedex*, the defendant in the first-filed lawsuit sent a letter to the plaintiff aimed at opening the lines of communication, specifically asking for the plaintiff's input on how to proceed. *Id*. Then, after sending the letter, the defendant filed suit on the matter. *Id*. The district court noted that it is often acceptable, and even expected, for a party negotiating a dispute to protect its interest by preparing and even filing a complaint in the event that negotiations break down. *Id*. However, the court took issue with the defendant's conduct because his letter clearly indicated that he wanted to open communications and was awaiting reply, but he then filed suit without any communication indicating his change of mind. *Id*. The court held that the defendant's behavior mitigated against applying the first-to-file rule. *Id*.

Just like *Payne*, the *PhotoMedex* decision illustrates the effect of misrepresentations on the first-to-file rule. In each of these cases, the first-filing party misrepresented its intentions. In *Payne*, the party requested more time to negotiate but had already filed suit, and in *PhotoMedex*, the defendant's letter showed that he wanted to open amicable communications, instead of filing suit.

As this Court has stated in an earlier opinion, a mere hint of bad faith, anticipatory suit, and forum shopping does not amount to enough evidence to dispense with the first-to-file rule. *Supervalu, Inc. v. Executive Development Systems, Inc*., 2007 WL 129039, *3

**MEMORANDUM DECISION AND ORDER - 9**

(D.Idaho 2007). The Court cannot construe the bad faith requirement so broadly as to eviscerate a party's right to seek declaratory judgment. In this case, the Court finds that Plaintiff's actions can easily be construed as good faith efforts, and there is insufficient evidence of bad faith. Odom's only alleged misrepresentation was the indication that it would respond to the bill received from DMP. DMP asked the question, "When can I expect a response on this matter?" Odom's reply was only two words: "This week." *Odom Reply* at 11, Dkt. 15. Since the email did not misrepresent an intent to continue negotiations or an intent not to file suit, the email does not constitute bad faith. As for Odom filing suit secretively, a plaintiff's only legal obligation is to serve process under Federal Rule of Civil Procedure 4, as long as it has made no representation that it will not file suit. *Intersearch Worldwide, Ltd. V. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 961 (N.D. Cal. March 19, 2008); *PhotoMedex*, at *7.

     The only remaining exception is anticipatory suit, which occurs where the filing plaintiff has received specific, concrete indications that a suit by the defendant is imminent.  *Xoxide, Inc. v. Ford Motor Co.*, 448 F.Supp.2d 1188, 192-93 (C.D.Cal. 2006) (internal citations omitted). Odom received no such "concrete indications" that a suit by DMP was imminent, so anticipatory suit likewise does not apply.

     Finally, the Court recognizes that the majority of courts, including the Ohio district court, have held that it is the first-filed court which should decide whether an exception to the first-to-file rule applies. *AluChem, Inc. v. Sherwin Alumina L.P.*, 2006 WL 1281887, *1 (S.D. Ohio 2006). This is particularly appropriate here, where the first

filed suit was in Ohio. Accordingly, the Court will not apply any of the exceptions to the first-to-file rule.

The three threshold elements of the first-to-file rule are satisfied, and none of the three exceptions applies. Thus, under the first-to-file rule, the Ohio lawsuit is first, and it is appropriate for this Court to exercise its discretion to dismiss or stay this action.[1]

## 2. Dismissal, Stay, or Transfer

DMP's motion calls for the Court to dismiss the Idaho action or, in the alternative, stay the action pending decision of the Ohio suit. The Idaho suit is the second filed, so it is in the Court's discretion to dismiss, stay, or transfer the action in the interests of "efficiency and judicial economy." *Shalala*, 125 F.3d, at 769. The Ninth Circuit addressed this issue in *Alltrade, Inc. v. Uniweld Products, Inc.* 946 F.2d 622, 629 (9th Cir. 1991), regarding a pair of duplicative trademark suits in California and Florida. The court observed that "doubts remain about the propriety of Uniweld's appeal of the Board decision in Florida," which the court felt at least "counsels against outright dismissal." *Id.* Accordingly, the court held that "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Id.* (citing *Asset Allocation & Mgt. v. Western Employers Ins.*, 892 F.2d 566, 571 (7th Cir. 1989)).

---

[1] DMP argues that the *Colorado River* doctrine should apply here, rather than the first-to-file rule. *See Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976). This doctrine applies only as between federal and state court. As the first-to-file rule applies to this case, applying the *Colorado River* doctrine would be inappropriate.

Here, the Ohio court has yet to make a decision regarding DMP's Motion to Dismiss. In keeping with the Ninth Circuit's holding in *Alltrade*, the Idaho suit should be stayed pending decision on that motion.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss or, in the Alternative, to Stay is **GRANTED**.

2. The action is hereby **STAYED** pending resolution of the Motion to Dismiss in Ohio. The parties shall notify this Court of the Ohio court's decision as soon as it is issued.

DATED: July 12, 2012

B. Lynn Winmill
Chief Judge
United States District Court